UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Landry, et al | Civil Action No. 6:16-cv-00192 |
| versus | Judge Rebecca F. Doherty |
| NuVasive Inc., et al | Magistrate Judge Carol B. Whitehurst |

### REPORT AND RECOMMENDATION

Before the undersigned, upon referral from the district judge, is a Motion To Dismiss Amending Complaint filed by Defendant, NuVasive, Inc. ("NuVasive"), [Rec. Doc. 33], Plaintiffs, Thomas D. Landry and Cheryl Landry's ("Landry") Opposition [Rec. Doc. 37], and NuVasive's Reply thereto [Rec. Doc. 40]. The Motion came before the Court for hearing on oral argument on September 21, 2016. For the reasons that follow, the undersigned will recommend that the Motion be granted in part as to Plaintiffs' Claims (3) and (4) and denied in part without prejudice as to Claims (1) and (2) and Plaintiffs be given twenty-one (21) days from the date of any adoption of this Report and Recommendation to amend their Amending Complaint.

*Background*

This is a Louisiana Products Liability Act case ("LPLA"). Landry alleges that Thomas Landry's surgeon  implanted a spinal fixation system ("the device") with screws and rods, manufactured by Nuvasive. Following the surgery, Landry alleges

he began suffering infections and temporary paralysis and he noticed "noises" coming from the device. Landry underwent a second surgery on January 28, 2015, at which time the device was removed and replaced with a new device. Following the second surgery, Landry alleges "he was informed" that the NuVasive device had not been functioning properly because of the failure of the threads on the screws connecting to the rods.

This case was removed from the 15th JDC by NuVasive based on the Court's diversity jurisdiction. Because Plaintiffs originally sued his surgeon, Dr. Cormier and Acadiana Neurosurgery, Nuvasive stated they were improperly joined for failing to exhaust before a Medical Review Panel was conducted.[1] NuVasive filed a motion to dismiss on April 4, 2016. *R. 13.* Nuvasive filed its first motion to dismiss and Plaintiffs filed an Amending Complaint in response. This Court allowed NuVasive to withdraw its motion to dismiss. NuVasive then filed the instant motion.

*Law and Analysis*

Plaintiffs' Amending Complaint does not expressly assert a claim under the LPLA but asserts that NuVasive: (1) failed to exercise reasonable care in the construction and composition of its device (2) failed to exercise reasonable care in

---

[1] Judge Doherty granted a Voluntary Motion for Dismissal of Dr. Cormier and Acadiana Neurosurgery on May 26, 2016. [Rec. Doc. 28].

the design of its device (3) failed to adequately and properly test its device, and (4) "other acts and omissions which will be proven at the trial." A plaintiff may establish a product was unreasonably dangerous under one of four theories: (1) the product's construction or composition is defective, (2) the product's design is defective, (3) the product's warnings are inadequate, or (4) by showing a breach of express warranty. Id. § 9:2800.54(B).

NuVasive initially argues that claims (3) and (4) fall outside the LPLA and should be dismissed. At the hearing, counsel for Plaintiffs conceded that Plaintiffs' claims (3) and (4) should be dismissed. NuVasive further argues that Plaintiffs' allegations as to Claims (1) and (2) contain insufficient factual allegations to state a claim upon which relief can be granted. In particular, Nuvasive urges that these allegations lack details about how the device may have deviated from specifications and performance standards or otherwise identical products and do not sufficiently allege an existing and non-burdensome alternative design.

As to Claim (1), Plaintiffs' Amending Complaint alleges Landry received a device manufactured by NuVasive that failed within months of installation, causing pain and suffering and requiring another surgery to replace the implant. They allege the device was defective due to the failure of the threads on the screws connecting to the rods. As to Claim (2), Plaintiffs alleged nothing with respect to LPLA's

requirement that the allegations must include that "there existed an alternative design for the product that was capable of preventing the claimant's damage; and that the risk that damage could be caused by the allegedly defective design outweighed the manufacturer's burden of adopting the alternative design."

"[T]he question at the motion to dismiss stage is not whether [the plaintiff] has proven the elements to succeed on a products liability claim, or even whether he has made "detailed factual allegations." The question is whether [the plaintiff] has plausibly alleged enough information that, with discovery, he could prove the Manufacturing Defendants are liable under the LPLA. *Flagg v. Stryker Corp.*, 647 Fed.Appx. 314, 319, 2016 WL 1657969, at *4 (5th Cir. 2016) (citing *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir.2008). Thus, Plaintiffs' allegations must provide sufficient information to "raise a reasonable expectation that discovery will reveal evidence" to support the defendant's liability. *Id.* at *3.

## *Conclusion*

Upon considering the foregoing and for the oral reasons assigned in open court, the undersigned recommends that Plaintiffs' oral motion to amend the Amending Complaint[2] be granted and that NuVasive's Motion To Dismiss be granted in part, in

---

[2] During oral argument, counsel for Plaintiffs' acknowledged that he desired to amend the Complaint.

4

that Plaintiffs' Claims (3) and (4) be dismissed with prejudice, and denied in part without prejudice as to Claims (1) and (2) to the right of NuVasive to re-urge the Motion, if appropriate, to seek dismissal of the newly amended Complaint. Plaintiffs shall file, not later than twenty-one (21) days from the date this Report and Recommendation may be adopted, an amended Complaint asserting Claims (1) and (2) under and in conformity with the Louisiana Products Liability Act ("LPLA"), La. R.S. §§ 9:2800.51–9:2800.60.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 26th day of September, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE